## AFFIDAVIT

I, Travis Putrah, am a Special Agent (SA) of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), assigned to the Office of HSI Wichita, Kansas. This criminal complaint is based on the following facts which were obtained from other duly sworn law enforcement officers based on their interviews and observations:

1) On September 29, 2022, Wichita Police Department Detective Sandy Mackey (assigned to the Kansas Internet Crimes Against Children (ICAC) Task Force) undertook an interview of JIMMY LYNN, based on a CyberTipline report submitted by Kik relating to child pornography uploaded to its servers on several occasions at the end of June 2022 and beginning of July 2022.

2) During this interview, JIMMY LYNN acknowledged engaging in the trading of child pornography two years prior. He further advised his smartphone would contain child pornography.

3) JIMMY LYNN consented to a search of his smartphone.

4) During examination of LYNN's smartphone, Det. Mackey observed chats via Telegram, a social media application, on the smartphone. The chat communications indicated LYNN had custody of and access to Minor Victim 1. The chat communications show LYNN offering images of Minor Victim 1 for the purpose of receiving child pornography.

5) The chat communications on August 24, 2020, LYNN sent images of a prepubescent minor child, Minor Victim 1, which depicted and focused on the minor's exposed genitals. While the depiction of the minor showed a close-up of the child spreading the child's legs to expose the child's genitals, the depiction also captured the carpeting in the background. The carpeting appeared to match that of LYNN's residence in Wichita, Kansas.

6) On October 3, 2022, Det. Mackey undertook a second interview of LYNN. During this interview, LYNN admitted to taking the pictures of Minor Victim 1 and sending them via Telegram.

7) Minor Victim 1 has been identified as a minor residing in Wichita, Kansas, and would have been 3 years old at the time.

Based on the foregoing facts, there is probable cause to find JIMMY LYNN, residing in Wichita, Kansas, has engaged in violations of 18 U.S.C. §2251(a), Production of Child Pornography, in relation to Minor Victim 1, on August 24, 2020.

TRAVIS PUTRAH, Special Agent
Homeland Security Investigations

Subscribed and sworn before me this ___4th___ day of October, 2022.

HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge.

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                        **CASE NO.**

**JIMMY LYNN,**

        **Defendant.**

## PENALTIES

### Count 1

- Punishable by a term of imprisonment of not more than thirty years (30) years nor less than fifteen (15) years. If such person has a prior conviction under Chapter 110, 109A or 117, section 1591, section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the term of imprisonment shall be not more than fifty (50) years nor less than twenty-five (25) years. If such person has two or more prior convictions under chapter 71, chapter 109A, chapter 110, chapter 117, or section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to the sexual exploitation of children, the term of imprisonment shall be not less than thirty-five (35) years nor more than life. 18 U.S.C. § 2251(e).

- A term of supervised release of not less than five (5) years and up to life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000.00. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person. 18 U.S.C. §3014(a)(3).

- An assessment of not more than $50,000.00. 18 U.S.C. § 2259A(a)(3).